UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HELEN ELISABETH BARTLETT STURGES, ) ) ) | |
| Plaintiff, ) ) | Docket No.: |
| v. ) ) | |
| NORTHERN TRUST CORPORATION ) f/k/a THE NORTHERN TRUST COMPANY, ) ) | |
| Defendant. ) | |

COMPLAINT AND JURY DEMAND

Plaintiff Helen Elisabeth Bartlett Sturges ("E. Sturges" or "Plaintiff"), by her attorneys, Downs Rachlin Martin PLLC, hereby complains of Defendant and alleges as follows:

Nature of Action

1. This is an action for breach of fiduciary duty, etc., seeking damages, attorneys' fees, removal of a trustee, disgorgement of fees, and an accounting. Defendant Northern Trust Corporation f/k/a The Northern Trust Company ("Northern" or "Trustee") is the trustee of three (3) trusts created for the benefit of Plaintiff and her family members (the "Bartlett Trusts"). Northern has been the Trustee of the Bartlett Trusts since they became irrevocable. Beginning in 1969 and continuing through 2015, Northern improperly paid income taxes to the State of Illinois on behalf of one of the Bartlett Trusts, the Frederic C. Bartlett Trust u/t/a dated June 4, 1952, even though it was not subject to any Illinois income tax. Beginning in 2003 and continuing through 2015, Northern improperly paid taxes to the State of Illinois on behalf of

another of the Bartlett Trusts, the Evelyn Bartlett Revocable Trust u/t/a dated December 4, 1970, even though it was not subject to any Illinois income tax.

2.     In total, over the past forty-seven (47) years, Northern has improperly paid at least $1.0 million in income taxes to the State of Illinois on behalf of the Bartlett Trusts, thereby improperly and unnecessarily depleting the Trusts.  As confirmed by Northern, payment of Illinois income taxes was improper, and the Bartlett Trusts did not owe state income taxes in any other state.  In addition to losing the amount of the improper state income tax payments, the Bartlett Trusts have been damaged by the lost use of the funds over the last forty-six (46) years.  Upon information and belief, Northern has been aware of its improper tax payments to Illinois for many years, but did not disclose the erroneous nature of these payments to Plaintiff or take steps to correct the reoccurrence of the improper payments.  Furthermore, after being contacted by one of the Bartlett Trust beneficiaries about the improper tax payments, Northern attempted to conceal this information from Plaintiff.  Northern has failed to promptly provide the beneficiaries of the Bartlett Trusts with all of the information necessary to determine the full extent of their losses and has refused to resign as trustee.

<u>Parties</u>

3.     Plaintiff is a resident of New Hampshire. She is one of the primary beneficiaries of the Bartlett Trusts.  Her daughter, Jennie Fairchild Sturges Gaborno, and her descendants are also beneficiaries.

4.     Defendant Northern is an Illinois banking corporation with its principal place of business in Chicago, Illinois, and other offices nationwide.  Northern has an office in Boston, Massachusetts.

Jurisdiction and Venue

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because Northern is an Illinois banking corporation with its principal place of business in Chicago, Illinois, and Plaintiff is a resident of New Hampshire. Thus, the parties are citizens of different states. And, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

6.     Venue lies in this judicial district pursuant to 28 U.S.C. §1391 because Northern is subject to the personal jurisdiction in this judicial district due to its physical presence in this district and its active business operations here.

Facts

Background on Bartlett Trusts

7.     Evelyn F. Bartlett and Frederic C. Bartlett were married in 1931. Frederic C. Bartlett was Plaintiff's grandfather and Evelyn F. Bartlett was Frederic C. Bartlett's third wife and the Plaintiff's step-grandmother.

8.     Frederic C. Bartlett created the Frederic C. Bartlett Trust u/t/a/ dated 6/4/1952 ("Frederic Trust"), with Northern as Trustee. The Frederic Trust was created for the benefit of Frederic C. Bartlett's wife, Evelyn, and Frederic C. Bartlett's son, Clay S. "Landy" Bartlett (Plaintiff's brother), and his descendants after Frederic C. Bartlett's death.

9.     Frederic C. Bartlett died in 1953. The Frederic Trust became irrevocable at that time. The current beneficiaries of the Frederic Trust are Plaintiff and her brother Clay S. "Landy" Bartlett, and their respective descendants.

10.    As Trustee, Northern has been required to distribute all of the Frederic Trust's income to the income beneficiaries since 1974. The terms of the Frederic Trust also grant Northern a limited power to distribute principal to beneficiaries.

11. Evelyn F. Bartlett created the Evelyn Bartlett Revocable Trust u/t/a dated 12/4/1970 ("Evelyn Trust"), as amended and restated, with Northern as Trustee. Evelyn F. Bartlett died in 1997, with the Evelyn Trust becoming irrevocable at that time. After the payment of taxes, bequests, and expenses, the Evelyn Trust was divided into several sub-trusts, one of which was for Plaintiff's benefit. Plaintiff's trust, the Elisabeth Bartlett Sturges Trust No. 1, is referred to herein as the "E. Sturges 1970 Trust." A small generation skipping trust was also created for Plaintiff's benefit that is not at issue in this matter.

12. The terms of the E. Sturges 1970 Trust give Northern, as Trustee, discretion to distribute income to Plaintiff, her spouse, lawful descendants and the spouses of deceased lawful descendants, and principal to Plaintiff or her lawful descendants, in such amounts as the trustee, in its absolute and unfettered discretion, deems best for the support, maintenance, medical care, and education of any of them, considering other sources of income, with no obligation to make equal distributions to beneficiaries.

13. In 1976, Evelyn F. Bartlett created another trust called the Evelyn Bartlett Irrevocable Trust, u/t/a dated 12/15/1976, with Northern as Trustee. The trust created two (2) sub-trusts, one of which was the Elisabeth Bartlett Sturges 1976 Trust ("E. Sturges 1976 Trust"). Plaintiff is the current beneficiary of the 1976 Trust, and her descendants are the remainder beneficiaries.

14. The E. Sturges 1976 Trust was irrevocable upon its creation and states that Northern, as Trustee, "shall pay the net income" to E. Sturges, "but if the income so payable shall at any time exceed the amount which the Trustee deems appropriate for her needs, best interests, and welfare (considering other sources of income and means of support known to the trustee, and other circumstances and factors deemed pertinent), the trustee may accumulate

excess income." In addition, the trustee "may distribute" to E. Sturges any or all of the "principal as the trustee in its unfettered discretion deems proper for the medical care, maintenance, support, and education of E. Sturges considering the income from all sources known to the trustee."

Improper Tax Payments

15. In 1969, Illinois revised its tax code to include income taxation of resident trusts for the first time. Illinois defines a trust as a state resident if the donor of the trust was a resident of Illinois at the time the trust became irrevocable, either through death or some other means.

16. Evelyn F. and Frederic C. Bartlett, the donors of the Bartlett Trusts, were residents of Massachusetts, both at the time they created their trusts and when they died, and the residency of each was expressly noted in the Bartlett Trust documents at the time of creation. The Bartlett Trusts were not resident trusts of Illinois and, accordingly, were never subject to Illinois income tax. Notwithstanding, Northern improperly began paying income taxes to the State of Illinois in 1969 on behalf of the Frederic Trust.

17. Northern claims that it has never paid any income taxes to the State of Illinois for the E. Sturges 1976 Trust.

18. For undisclosed reasons, it took Northern six (6) years from Evelyn Bartlett's death in 1997 to fund the E. Sturges 1970 Trust, a sub-trust of the Evelyn Trust. Northern claims that it did not pay any income taxes to Illinois during that six (6) year period for the Evelyn Trust. However, when it funded the E. Sturges 1970 Trust, Northern began paying Illinois state income taxes in 2003 or 2004, even though the analysis for whether either trust owed income taxes is the same.

Breaches of Fiduciary Duty

19. Plaintiff is currently seventy-five (75) years old and has no income from any sources other than the Bartlett Trusts and the Social Security Administration.

20. In 2006, Plaintiff purchased a home located in the State of California so she would have a place to live while visiting her daughter and friends, and now also her grandchildren who reside in that state. Plaintiff made the decision to purchase this property in consultation with her trust officer at Northern, upon whom she had relied for financial assistance and counseling. Plaintiff had no resources outside the Bartlett Trusts with which to acquire real estate. When she consulted with Northern about purchasing her California property, Northern's representative advised her to borrow the purchase money from Northern, rather than borrow the money from one of the Bartlett Trusts. Northern's representative never made Plaintiff aware that a distribution or borrowing from one of the Bartlett Trusts was an option to consider, given the provisions of the Frederic Trust, the E. Sturges 1970 Trust, and the E. Sturges 1976 Trust. Northern encouraged Plaintiff to borrow money to purchase the property so it could profit from the purchase. Northern placed its own interests ahead of Plaintiff's in steering Plaintiff to borrow money from it to purchase the property.

21. The E. Sturges 1970 trust provides for the distribution of income and principal for Ms. Sturges' and her descendants' support, maintenance, medical care, and education. For four (4) years beginning in 2012, Plaintiff received monthly distributions from the 1970 Trust of Sixty Thousand Dollars ($60,000) for her support, maintenance, and medical care. In 2015, Plaintiff was able to eliminate a Seven Thousand Dollars ($7,000) monthly mortgage payment on real estate owned by her via a one-time distribution from the E. Sturgis 1970 Trust to permit pay-off of the mortgage. At that time, Northern arbitrarily reduced the monthly distribution from the

E. Sturges 1970 Trust to Forty-One Thousand Dollars ($41,000), despite Plaintiff's request that the monthly distribution not be reduced more than Seven Thousand Dollars ($7,000) on account of her ongoing expenses and financial needs. Since 2015, Plaintiff has had to make repeated requests for greater monthly distributions to avoid the financial distress caused by Northern's arbitrary reduction of monthly distributions.

22.     The intent of the E. Sturges 1976 Trust is very clear: to provide Plaintiff with an income stream *in addition to* the income and principal she receives from the E. Sturges 1970 Trust, *and to provide* Plaintiff *with the financial ability to satisfy her best interests and welfare beyond the standards of support, maintenance, and healthcare of the E. Sturges 1970 Trust.* The E. Sturges 1976 Trust was intended to provide a supplemental source of income to Plaintiff over and above the income provided by the E. Sturges 1970 Trust.

23.     Despite the express terms of the E. Sturges 1976 Trust providing that Northern "shall pay" the net income of this trust to Plaintiff as a supplemental source of income to provide her with the financial ability to satisfy her best interests and welfare beyond the standards of support, maintenance, and healthcare of the E. Sturges 1970 Trust, Northern has repeatedly denied requests by Plaintiff for distributions from the E. Sturges 1976 Trust. Instead of making requested distributions consistent with the language and intent of the E. Sturges 1976 Trust, Northern has abused its discretion in failing to do so.

24.     In addition to failing to make distributions of income to Plaintiff from the Bartlett Trusts as required by their terms, Northern has failed to inform Plaintiff that one or more of the trusts authorizes it to pay trust income to cover educational expenses of Plaintiff's children. Plaintiff has two (2) children that she was responsible to educate. Between the years 1989 and 1998, Plaintiff incurred expenses exceeding Two Hundred Five Thousand Dollars ($205,000) to

pay for the education of her two daughters Jennie and Jessie.  Jessie died in September of 1995. Northern was intimately aware of Plaintiff's financial circumstances, including her children's educational costs, during the time they were paid.  Northern also knew at this time that Plaintiff relied on the Bartlett Trusts as her primary source of income, and that these educational expenses reduced the funds available to otherwise pay for her ongoing support and maintenance expenses. Despite knowledge of these significant educational expenses incurred by Plaintiff, Northern never informed her that the Bartlett Trusts grant to Northern the specific authority to pay educational expenses of children.  On information and belief, Northern has paid the educational expenses for the children of her brother from the Frederic Trust or trusts created under the Evelyn Trust for the benefit of her brother, which have terms akin to the trusts for Plaintiff's benefit created under the Evelyn Trust.

25. Despite the fact that the E. Sturges 1976 Trust generates over One Hundred Seventy Thousand Dollars ($170,000) of annual income, Northern has largely refused Plaintiff's numerous requests for distribution of some of this income to her, and has instead accumulated the income, resulting in greater fee payments to Northern, whose fees are based on assets under its care.

26. Due to Northern's denials of requested distributions, Plaintiff was required to retain counsel to advocate for her rights under the Bartlett Trusts, further increasing her monthly expenses.

27. As a result of Northern's decision to reduce monthly distributions to Plaintiff under the E. Sturges 1970 Trust to Forty-One Thousand Dollars ($41,000) per month, and its denial of Plaintiff's requests for any distributions from the E. Sturges 1976 Trust, Plaintiff has

been unable to meet her obligations and satisfy her goals and responsibilities in her family and community according to previously established standards.

28. In denying Plaintiff's requests for greater distributions from the Bartlett Trusts, Northern has failed to properly take into account increased expenses that Plaintiff has brought to the attention of Northern.

29. Northern has failed to make requested distributions to Plaintiff, and instead opted to retain funds in the Bartlett Trusts. Northern's actions favored its own interests over those of the beneficiaries of the trusts. Northern's actions have eroded the relationship between Northern and Plaintiff to the point where the intent of the trusts is frustrated, and Plaintiff's personal savings have been largely depleted, leaving her with no margin of safety for unexpected events.

30. Northern has never suggested any estate or tax planning with E. Sturges, despite the fact that her estate will likely be liable for millions of dollars in estate tax payments to the federal government and New Hampshire. Instead, on several occasions, Northern has denied requests for distributions made by Plaintiff in order to meet her estate planning goals.

31. In July of 2016, Northern admitted to representatives of Plaintiff's brother Landy, who is a beneficiary of the Frederic Trust and a beneficiary of a sub-trust created under the provisions of the Evelyn Trust, that it had been improperly paying Illinois state income taxes for decades from the Frederic Trust and the sub-trusts created under the Evelyn Trust.

32. Northern learned no later than July of 2016 that it had been improperly paying Illinois state income taxes for decades from the Frederic Trust and the sub-trusts created under the Evelyn Trust benefitting E. Sturges and her brother.

33. In August or September 2016, when Northern had knowledge of the history of its improper tax payments, a representative of Northern made arrangements to meet personally with Plaintiff in Portsmouth, New Hampshire, where she resides.  Two (2) trust officers from Northern planned to attend the meeting.  When Plaintiff inquired of them about the agenda for the meeting, they did not tell her what it was about.  Plaintiff's counsel then inquired about the agenda for the planned meeting, and counsel's intention to attend the meeting.  Northern responded that the planned meeting was intended to be purely social, not about business related to the Bartlett Trusts. The meeting ended up being postponed.  At no time during the course of communications concerning the arrangements for the meeting between Plaintiff and Northern did Northern make any disclosure concerning its knowledge that it had been improperly paying Illinois state income taxes for decades from the Frederic Trust and the sub-trusts created under the Evelyn Trust.

34. Plaintiff eventually learned from a source other than Northern of the improper payments of Illinois state income taxes for decades from the Frederic Trust and the sub-trusts created under the Evelyn Trust.  On information and belief, Northern intentionally concealed from Plaintiff its knowledge that it had improperly paid Illinois state income taxes for decades from the Frederic Trust and the sub-trusts created under the Evelyn Trust.

Breach of Duty of Loyalty

35. Northern has told Plaintiff that it will negotiate with Plaintiff and other Bartlett Trust beneficiaries to pay an agreed-upon settlement amount.  It has not reimbursed the Bartlett Trusts for improper state tax payments or other losses, but instead says that it intends to negotiate with the beneficiaries over the amount of those losses.

36. Northern has a large regulatory and compliance department, including a department specifically devoted to ensuring that the trusts it manages are in compliance with state and federal tax laws.

37. Northern improperly paid income taxes to Illinois for the Frederic Trust for forty-six (46) years. Northern improperly paid income taxes to Illinois for the E. Sturges 1970 Trust for at least nine (9) years.

38. Upon information and belief, Northern discovered that it was improperly paying income taxes to Illinois on behalf of the Frederic Trust and the E. Sturges 1970 Trusts before July 2016, but chose not to correct the mistake or disclose that information to Plaintiff or her heirs.

39. At no point did Northern ever reveal to Plaintiff, her heirs or other beneficiaries that it was improperly paying income taxes to Illinois, even though, upon information and belief, Northern has been aware of this for some time.

40. The relationship between Northern and the Plaintiff has been contentious and difficult since 1969. It has only been made worse by Northern's improper payments of Illinois income taxes for decades, its concealment of such improper payments, and its failure to make requested distributions of trust income.

41. Plaintiff seeks to remove Northern as Trustee based on: a) its refusal to make distributions that were either mandated by the Bartlett Trusts or were within Northern's discretion; b) its actions in becoming a lender to Plaintiff when it was in Plaintiff's best interests instead to borrow from the Bartlett Trusts; c) its improper payment of Illinois income taxes for more than four (4) decades; d) its concealment of that fact; and e) its failure to take the appropriate steps to rectify these serious breaches of duty.

42. Furthermore, Plaintiff and her descendants are now in an adverse position to the Trustee: Plaintiff seeks to make the Bartlett Trusts whole while Northern seeks to negotiate and minimize the payment owed to those trusts, for its own benefit. This breach of the duty of loyalty is irreparable and irreconcilable, and Northern should be removed as Trustee for that reason alone.

## COUNT I
### Breach of Fiduciary Duty

43. Plaintiff repeats and reasserts each of the foregoing allegations as though fully set forth herein.

44. As the Trustee of the Bartlett Trusts, Northern owes Plaintiff and all beneficiaries a fiduciary duty of care.

45. Northern breached this fiduciary duty over the course of more than four (4) decades.

46. Northern acknowledged its error in paying Illinois state income taxes for decades.

47. But Northern never informed Plaintiff of its error.

48. Upon information and belief, Northern hid its breach of fiduciary duty from Plaintiff and her heirs for as long as possible.

49. Northern has breached its duty of loyalty to the Frederic and E. Sturges 1970 Trusts by attempting to negotiate the amount it owes to these trusts.

50. Plaintiff and her heirs have been harmed by these breaches because the value of the Frederic and E. Sturges 1970 Trusts has been reduced by millions of dollars. Plaintiff has

also been harmed by paying mortgage interest to Northern instead of to a Bartlett Trust benefitting her.

## COUNT II
### Removal of Trustee

51. Plaintiff repeats and reasserts each of the foregoing allegations as though fully set forth herein.

52. As Trustee, Northern owes the Bartlett Trusts and Plaintiff a duty of loyalty.

53. Northern has engaged in a course of conduct whereby it breached its fiduciary duty over the course of four (4) decades and then thereafter did not tell Plaintiff of its breach, but rather tried to hide it from Plaintiff.

54. By requiring the beneficiaries to negotiate to make the trusts whole again, Northern is engaging in a persistent breach of its duty of loyalty to the Bartlett Trusts and to the beneficiaries. By engaging in this conduct, as well as other conduct alleged herein, it is acting in its own best interests at the expense of the interests of the Bartlett Trusts and the beneficiaries.

55. Plaintiff seeks removal of Northern as Trustee for the Bartlett Trusts.

## COUNT III
### Accounting

56. Plaintiff repeats and reasserts each of the foregoing allegations as though fully set forth herein.

57. Plaintiff is entitled to a full, timely, and complete accounting of the amount and timing of all income tax payments made to the State of Illinois.

## COUNT IV
### Attorneys' Fees

58. Plaintiff repeats and reasserts each of the foregoing allegations as though fully set forth herein.

59. Currently, Northern is authorizing payment of Plaintiff's attorneys' fees from Bartlett Trust assets.

60. Upon information and belief, Northern has engaged in a course of conduct where it knowingly breached its duties to Plaintiff over the course of years.

61. To make the Bartlett Trusts whole, Plaintiff seeks repayment from Northern to reimburse the Bartlett Trusts for the attorney's fees incurred by Plaintiff to remedy Northern's breaches.

## COUNT V
### Disgorgement of Fees

62. Plaintiff repeats and reasserts each of the foregoing allegations as though fully set forth herein.

63. While managing the Bartlett Trusts, Northern has collected a fee each year based on the assets it holds under management, and collected additional fees for the preparation of income tax returns.

64. Northern has breached its fiduciary duties to Plaintiff, to her heirs, and to the Bartlett Trusts over the course of many years including, but not limited to, the improper payment of income taxes to Illinois, the concealment of these improper payments, the refusal to make appropriate distributions, and its effort to negotiate the amount Northern owes the Bartlett Trusts.

65. Plaintiff seeks disgorgement of the fees the Bartlett Trusts have paid Northern for: (1) the preparation of all tax returns for the Frederic Trust since 1969; (2) the preparation of all tax returns for the E. Sturges 1970 Trust since 2003; (3) all fees received from the Bartlett Trusts during the time Northern concealed these improper payments from Plaintiff and her heirs; and (4) all fees collected for 2016 and going forward while Northern has been breaching its duty of loyalty.

66. To the extent that Northern has paid from the Bartlett Trusts or incurred any professional or fiduciary fees or costs to repair the damages caused by its improper payment of taxes, it should be required to reimburse the trusts, and be barred from paying such fees or costs from the trusts.

## Claims for Relief

WHEREFORE, Plaintiff prays that judgment be entered in her favor for the following relief:

a. Compensatory money damages to make the Bartlett Trusts whole for the income taxes improperly paid to the State of Illinois and for the lost earning capacity of those funds over the past forty-seven (47) years;

b. Equitable relief, including: (i) disgorgement of Northern's fees for the years in which it was improperly paying income taxes to the State of Illinois and breaching its duty of loyalty, (ii) removal of Northern as trustee, and (iii) an accounting;

c. Punitive damages;

d. Reasonable attorneys' fees and the costs of this action;

e. Pre judgment interest; and

f.  Such other and further legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

Burlington, Vermont				February 23, 2017

				DOWNS RACHLIN MARTIN PLLC

				By:  /s/ Walter E. Judge, Jr.
				Walter E. Judge
				Mass Bar. No. 556650
				Admitted to this Court:  3/29/91
				199 Main Street
				P.O. Box 190
				Burlington, VT  05402
				(802) 863-2375
				Fax:  802-862-7512
				wjudge@drm.com

				ATTORNEYS FOR PLAINTIFF

17281610.1